UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEONARD HEARNS, JR., <br><br> Petitioner, <br><br> v. <br><br> K. HARRINGTON, WARDEN, <br><br> Respondent. | Case No. CV 09-4030-FMC (OP) <br><br> ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS CORPUS PETITION (28 U.S.C. § 2254) AS UNTIMELY |

**I.**

**INTRODUCTION**

On June 5, 2009, Clarence Leonard Hearns, Jr., ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition"). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to summary dismissal because the information provided indicates that the Petition is untimely.

## II.

## **PROCEDURAL HISTORY**

On April 9, 1996, Petitioner was found guilty after a jury trial in the Los Angeles County Superior Court, case no. BA085786-01, of one count of murder with special circumstances (Cal. Penal Code § 187), two counts of robbery (Cal. Penal Code § 211), and one count of assault with a deadly weapon (Cal. Penal Code § 245). (Pet. at 2.) On May 9, 1996, Petitioner was sentenced to a state prison term of twenty four years plus life without the possibility of parole. (Id.)

Petitioner appealed his judgment of conviction to the California Court of Appeal. On May 5, 1997, the court of appeal affirmed the judgment. (Official Records of California Courts.[1])

Petitioner filed a petition for review in the California Supreme Court. On August 13, 1997, the supreme court denied the petition. (Official Records of California Courts.)

On July 29, 2008, Petitioner filed a petition for writ of mandate in the California Court of Appeal. On August 5, 2008, the court of appeal denied the petition. (Pet. at 2, 3; Official Records of California Courts.)

On October 14, 2008, Petitioner filed a habeas corpus petition in the California Supreme Court. On April 1, 2009, the supreme court denied the petition with citation to In re Clark, 5 Cal.4th 750 (1993), and In re Robbins, 18 Cal.4th 770, 780 (1998). (Id. at 4; Official Records of California Courts.)

For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases. courtinfo. ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

# III.

# DISCUSSION

### A. Standard of Review.

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

### B. The Petition Was Not Filed Within the Limitation Period.

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2] In most cases, the limitation period begins to run from "the date on

---

[2] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

3

which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner filed a petition for review with the California Supreme Court which was denied on August 13, 1997. (Official Records of California Courts.) Consequently, his conviction became final on November 11, 1997, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). As a result, absent applicable equitable or statutory tolling, Petitioner had until November 11, 1998, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The Petition was not filed until June 5, 2009, more than eleven and one half years after the limitation period expired. Thus, absent applicable statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the current Petition is untimely.

**C.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[3]

As set forth above, Petitioner's conviction became final on November 11, 1997, and the limitation period ended November 11, 1998. Statutory tolling is unavailable where, as here, Petitioner's first state habeas petition in the California Court of Appeal was not filed until July 29, 2008, nearly ten years after the limitation period expired. (Official Records of California Courts.) Section 2244(d) does not permit the reinitiation of the AEDPA limitation period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for the other habeas petition he filed in the California Supreme Court.

---

[3] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

5

1  The Court also notes that the state supreme court denied this habeas
2  petition with citation to <u>In re Clark</u>, 5 Cal. 4th 750 (1993), and <u>In re Robbins</u>, 18
3  Cal. 4th 770, 780 (1998). (Official Records of California Courts.) The <u>Clark</u>
4  decision dealt extensively with the requirement that a habeas petitioner explain
5  and justify any significant delay in seeking habeas corpus relief. <u>In re Clark</u>, 5
6  Cal. 4th at 765. Further, the pinpoint citation in <u>Robbins</u> deals entirely with the
7  issue of timeliness with respect to a habeas corpus petition. As a result, the state
8  supreme court denied the petitions on timeliness grounds. Claims denied as
9  untimely by the state court will not satisfy the requirements for statutory tolling.
10 <u>Evans</u>, 546 U.S. at 192-93 (citing <u>Carey</u>, 536 U.S. at 222-23).
11  Since Petitioner filed his state habeas petitions well after the limitation
12 period expired, he may not avail himself of statutory tolling to render the current
13 Petition timely. Thus, absent equitable tolling or an alternate start date for the
14 statute of limitations, it appears that the current Petition is untimely.

15 **D.  Equitable Tolling**

16  The one-year limitation period is subject to equitable tolling if a petitioner
17 demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that
18 some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418.[4]  A
19 petitioner bears the burden of alleging facts that would give rise to tolling. <u>Id.</u>
20 "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very
21 high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063,
22 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high

---

[4] The Supreme Court in <u>Pace</u> noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." <u>Pace</u>, 544 U.S. at 418 n.8. The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because the respondent assumed as much, and the petitioner was not entitled to tolling under any standard. <u>Id.</u>

6

bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"). The face of the Petition does not set forth any facts showing that Petitioner is entitled to equitable tolling.

### E.  Alternate Start of the Statute of Limitations

#### 1.  State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 2.  Newly Recognized Constitutional Right.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 3.  Discovery of Factual Predicate.

1     The AEDPA further provides that, in certain cases, its one-year limitations
2 period shall run from "the date on which the factual predicate of the claim or
3 claims presented could have been discovered through the exercise of due
4 diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth
5 any facts showing that Petitioner is entitled to relief under this provision.

## IV.

## ORDER

8     Based upon the foregoing, the Court finds that the face of the Petition
9 indicates that it is untimely. Accordingly, Petitioner is ordered to show cause
10 why the Petition should not be dismissed as untimely by filing a response within
11 thirty (30) days of the date of this Order. In the response to this Order to Show
12 Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas
13 petition was filed and shall, if possible, attach copies of any state petition
14 (showing that it was filed) and copies of the state court's decision addressing each
15 petition. All facts relied upon by Petitioner must be proved by testimony
16 contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. §
17 1746, or in properly authenticated documents. Petitioner must describe
18 specifically the nature and duration of any extraordinary circumstances and their
19 consequences in a declaration signed by him under penalty of perjury. Petitioner
20 shall also include with his response properly authenticated prison records or
21 documents which demonstrate any circumstance which Petitioner believes
22 impeded his ability to timely file the current Petition.
23 / / /
24 / / /
25 / / /
26 / / /
27     Failure to comply with these requirements may result in the dismissal of
28

1  this action for failure to prosecute and/or failure to comply with a court order.
2  Failure to remedy the deficiencies discussed may also result in a recommendation
3  that the action be dismissed.
4
5  **IT IS SO ORDERED.**
6
7  DATED: June 10, 2009
   _____
   HONORABLE OSWALD PARADA
8  United States Magistrate Judge

9